Wood & De Freest, executors, &c. *vs.* Cone and others.

Where the testator made his will and died previous to the adoption of the revised statutes, leaving a widow, and a married daughter who was his only child and heir at law; and by his will directed that his executors should sell all his real and personal estate and put out the proceeds thereof at interest upon landed security, and should pay such interest to his widow for life, for her support, and a part of the principal of the fund also if it should be necessary for that purpose; and that immediately after her decease all the monies then remaining should continue at interest, and that the interest thereof should be appropriated to the support of his daughter, in case she should be left a widow, and from that time for and during her natural life or until she should again marry; and that if the interest should not be sufficient for her support, she should then have so much of the principal of the fund annually as the executors should deem sufficient; and that immediately after the death or remarriage of his daughter, all the monies then due and remaining should be paid to her children, or the legal heirs of her body, as they should respectively become of age; *Held*, that by the true con-

1839.

Wood
v.
Cone.

struction of the will the executors were to accumulate the interest of the fund, after the death of the widow, during the joint lives of the daughter and her husband for her support in case she should become a widow; and that *in the event of her dying during the lifetime of her husband*, which event actually occurred, the executors were to pay such accumulated interest, as well as the principal of the fund, to her children as they respectively became of age. *Held* also, that the children of the testator's daughter, who were in esse at the time of her death, took vested interests in their several shares of the accumulated fund, although the payment of their several shares was postponed until they became of age; and that there was an implied trust for the executors to accumulate the interest of the several shares, for the benefit of the children, during their respective minorities.

Upon the principles of equitable conversion, the proceeds of real estate directed by the testator to be sold, are only considered as converted into personalty for the purposes of the will. And if any estate or interest in the fund arising from the sale is not legally and effectually disposed of by the will, there is a resulting trust, as to such estate or interest, in favor of the heir at law.

April 2.

This was an amicable suit brought by the executors of the will of R. Goodrich, deceased, against A. Cone and Anne his wife and their infant children, for a judicial construction of the will of the decedent; for the purpose of settling the respective rights of the defendants to the interest or income of the proceeds of a sale of the testator's real estate. The testator died previous to the adoption of the revised statutes, leaving a widow, and Mrs. Anne Cone, his only daughter, who was his sole heir at law. By his will he directed his executors to sell all his real and personal estate; and after paying all his debts and funeral expenses to put out the residue of the proceeds thereof at interest, upon landed security. And he directed them to pay the interest to his wife during her life or widowhood, and also a part of the principal if they found it necessary, for her support. The will then contained the following clause, under which the conflicting claims of the defendants in this suit arose: "Immediately after the decease of my wife Esther, I will that all the monies then remaining shall remain at interest as above stated, and that the interest of the same shall be appropriated to the support and maintenance of my daughter Anne, wife of Ashbel Cone, *in case she shall be left his widow;* and from that time for and during her natural life, or until she shall marry a husband; and in case the interest should not be sufficient for her support, that then and in such case she

shall have so much of the principal annually as my executors hereinafter named shall deem sufficient for her support. And immediately after the death or marriage of my said daughter Anne, I will that *all the monies then due and remaining* shall be paid to the children or legal heirs of the body of my said daughter Anne, as they shall respectively arrive at age ; that is to say, the male children at the age of twenty-one and the female at the age of eighteen ; to be paid to them in equal proportions, share and share alike." The testator by a codicil gave a legacy of $10 to his daughter, and substituted the present complainants as his executors in the place of those who were named in the original will ; but made no other change in the disposition of his property. In 1827 the executors sold the real estate to Cone, the testator's son-in-law, and applied a part of the proceeds thereof to pay debts ; the testator's personal estate being insufficient for that purpose. For the residue of the purchase money they took Cone's bond and mortgage upon the premises, payable in fifteen years, with interest to be paid annually. Mrs. Goodrich, the widow of the decedent, died the 7th of February, 1830. Up to that time Cone paid the interest on his bond and mortgage. He also paid a part of the principal, sufficient to satisfy his wife's legacy of $10 and a small balance due to the estate of his mother-in-law, for monies advanced by her to pay debts of the testator ; leaving the amount due on the bond and mortgage at that date, $1137,61. Upon that sum he subsequently refused to pay the annual interest to the mortgagees ; as he claimed that it belonged to him, in right of his wife as the sole heir at law of the testator, as an interest in the proceeds of the real estate not disposed of by the will. The annual interest having remained unpaid until January, 1838, the executors then filed their bill in this cause to settle the construction of the will in that respect, and to foreclose the mortgage, for the non-payment of such interest, if the claim of the mortgagor should be determined by the court to be unfounded. All the facts upon which the claim of Cone rested being correctly stated in the bill, he suffered the same to be taken as confessed against himself and wife ; and the other defendants, who were infants, put in a general

1839.

Wood
v.
Cone.

answer by their guardian ad litem, submitting their rights to the decision and protection of the court. On the 5th of February, 1838, Mrs. Cone died, and the cause was ordered to proceed against the surviving defendants, her husband and children.

*J. Rhoades*, for the complainants. The defendant Ashbel Cone is not, in right of his wife or otherwise, entitled to the interest accrued upon the bond and mortgage from the death of the testator's widow to the death of his wife, or any part thereof. Anne Cone was not entitled to have the same or any part thereof appropriated by the complainants to her support and maintenance ; because she was not left a widow, which event was contemplated by the will to happen before the complainants were authorized to appropriate any part of such interest or principal to her support and maintenance. For it was the manifest intention of the testator that Ashbel Cone should not in any way directly or indirectly receive any benefit from the testator's estate, which he would do if his wife was supported and maintained out of it. There is a valid suspense of the ownership of so much of the principal of the moneys as should not be required for the support of the testator's wife or daughter during their respective widowhoods. And as no valid direction for the accumulation of the interest is given by the will, it follows as a consequence, as the law stood when this will took effect, that it belonged to Anne Cone as the sole heir at law of the testator, in which case, as it was not reduced to possession by the husband during her life, it is to be distributed among the infant defendants as her next of kin ; or that it belonged to the complainants in trust for the infant defendants. (*Humphreys on Real Property*, p. 260. *Rev. Notes*, pt. 2, ch. 1, tit. 2, § 41, p. 20, 21, note to § 41, p. 29.) The testator's widow and daughter being both dead, the infant defendants have contingent estates, in the fund, which will vest in Zacheus on his attaining the age of twenty-one years, and in the five girls respectively on their attaining the age of eighteen years.

*Ashbel Cone*, in *pro. per.* insisted that in right of his wife he was entitled to the interest which accrued from February 7, 1830, to February 5, 1838 ; and that the costs of all parties should be paid out of the principal of the fund.

*D. Buel, jun.* for the infant defendants. By the terms of the will, Ashbel Cone could in no event take any benefit from the property bequeathed. Anne Cone had a contingent interest in the residue, after the death of the testator's wife. But the contingency in which the interest was to be appropriated for her support, and (in case that was not enough) the principal, viz. her becoming a widow, never happened. It would evidently defeat the testator's intention, to allow either Cone or his wife to enjoy the interest *during* their coverture. There is an implied direction to have the property which remained after the death of the testator's wife, accumulate until the contingency should happen, on which the interest (or principal if necessary) might be appropriated. The interest could not be appropriated for any purpose except the support and maintenance of Anne, consistent with the provisions of the will. But if a direction to accumulate is not necessarily implied, the law (previous to our revised statutes) seems to have been settled, that where there is a contingent bequest of the residue, without any specific directions for accumulation, the interest during the suspension is not to be deemed undisposed of, but must accumulate. (*Green* v. *Ekins*, 2 *Atk.* 473. *Butler* v. *Butler*, 3 *Id.* 58. *Trevanion* v. *Vivian*, 2 *Ves. sen.* 430.) There is a difference in this respect, between the income of real and personal property. Where there is a contingent devise of the former, the rents, &c. during the suspension go to the heir; but the interest of personal estate accumulates. The testator in this case directed all his property to be converted into personal estate, and it is to be so treated. (*Bullock* v. *Stoner*, 2 *Ves. sen.* 521.) The doctrine cited by the complainant's counsel from *Humphrey on Real Property, p.* 260, applies to real estate exclusively. If we are mistaken in respect to the law applicable to accumulation in such a case, still, as the husband was never entitled to the interest, and Anne his

1839.

Wood
v.
Cone.

wife died without having received it of the trustees, it now belongs to her children. Even if the husband was entitled to it, in right of his wife, not having reduced it to possession in her lifetime, it goes to her heirs. It is submitted whether, upon the death of Anne Cone, the whole property remaining, both principal and interest, has not become vested in the infant children of Anne Cone; although not payable until they respectively attain the ages of eighteen and twenty-one, as directed in the will.

THE CHANCELLOR. If the interest upon the bond and mortgage, which accrued after the death of the testator's widow and before the death of the daughter, is not legally and effectually disposed of by the will in the event which has happened, it unquestionably belongs to the husband and not to the children of Mrs. Cone. Upon the principles of equitable conversion the proceeds of the real estate directed by the testator to be sold is only considered as converted into personalty for the purposes of the will. And if any estate or interest in this converted fund was not legally and effectually disposed of by the will, there was a resulting trust, as to such estate or interest, in favor of Mrs. Cone, as the heir at law of her father. (*Hopkins* v. *Hopkins, Cases Temp. Talb.* 51.) In the language of Lord Eldon, " where land, such as would descend to the heir at law, is undisposed of by the will, the heir at law shall have the benefit of all that is not disposed of. And if the testator has disposed of the legal interest but not the beneficial, then the heir at law shall take by a resulting trust all the benficial interest which is so undisposed of." (3 *Dow's Rep.* 209.) Neither does it make any difference in the present case, if the interest is not disposed of by the will, whether such interest is considered as the real or as the personal estate of Mrs. Cone as the heir at law. If it is considered as the rents and profits of real estate, then the husband is entitled to it by virtue of his marital rights; as he was entitled to the income of all her real estate during their joint lives. And if it is considered as personal estate of the wife, then upon her death he became entitled to it under the statute of distributions, which

gives all the wife's personal estate to the husband where he survives her. It therefore becomes necessary to examine the provisions of this will for the purpose of ascertaining whether this interest was intended to be disposed of by the testator in the event which has occurred.

It is very evident that the claim of the husband of this interest, as it was made by him during the life of his wife, cannot be sustained. This bill was therefore properly filed to foreclose the mortgage, for the nonpayment of the interest which had then accrued. And if he is now entitled to the interest which was then due he became entitled to it in consequence of the subsequent death of his wife. It was unquestionably the intention of the testator that the interest of the fund, after the death of the widow, should accumulate during the joint lives of Cone and wife, and that the same should be applied for her support and maintenance during her widowhood if she survived him. And the testator did not intend merely to give her the interest which should accrue during her widowhood for her support, leaving her husband to take the interest during his life by virtue of his marital rights. I think the language of the will on that subject is too explicit to be misunderstood. He directs that *immediately* after the death of his wife all the monies then remaining shall remain at interest as before stated, (that is, upon landed security,) and that the interest shall be appropriated to the support and maintenance of his daughter, *in case she should be left a widow*, and from that time for and during her natural life or until she shall marry a husband : that is, the interest from and immediately after the death of the testator's wife, and also the interest from the time his daughter shall be left a widow, is to be applied to the support of the daughter during her widowhood, in case she shall survive her husband and thus be left a widow.

Whether the testator contemplated the event which has actually happened, and intended to dispose of the whole of the accumulated fund among the children of his daughter in case she survived her mother and died in the lifetime of her husband, so that no part even of the interest would be wanted for her support during widowhood, is a matter of

more doubt. Upon an examination of the several provisions of the will, however, I have arrived at the conclusion that he did contemplate that event, and intended in that case that all the monies then due and remaining, whether for principal or interest, should be paid to the children or legal heirs of the body of the daughter. The direction to apply the interest for the support of the daughter is only a direction so to apply it in case she shall be left Cone's widow; in which event a part of the principal also, if necessary, is to be applied for the same purpose. This clearly shows the testator did not take it for granted that she would want this provision for her support, but that he contemplated it merely as a possibility and provided for it accordingly. It is therefore a direction to keep the money at interest, from the time of the death of the testator's wife, and to support his daughter out of the interest, during her widowhood, in case she survive her husband, and to apply a part of the principal for that purpose if necessary; and to give the residue of the fund to her children or issue upon her death or remarriage. There is therefore no part of the testator's estate which was not effectually disposed of by the will, and the husband is not entitled to the contingent interest of his wife to a support out of the rents and profits in case she should be left a widow.

At the death of Mrs. Cone each of the children then living took a vested interest in an undivided share of the fund, including the interest thereon from the death of the testator's widow. There is an immediate gift to the children or heirs of the body of Mrs. Cone at that time; although the payment is postponed until the males arrive at the age of twenty-one, and the females at the age of eighteen respectively. There is therefore an implied direction to the executors to keep the share of each invested, so that it may continue to accumulate until the time of payment as prescribed by the testator arrives. And if any of them should die in the mean time, his or her share will go to the personal representative of such deceased child.

As this is an amicable family suit, and the mortgagor is bound to support his children out of his own property if he

has the means of doing so, and as he has probably with-held the payment of this interest under an honest belief that he was entitled to the same in right of his wife, I shall not charge him with the costs of this suit, provided the arrears of interest on his bond and mortgage are paid within three months.   In that case the complainants are to pay the costs of the guardian ad litem of the infants, and to retain their own costs, out of the said interests; but even in that case the usual decree will be entered, authorizing the complain-ants to proceed upon the foot of this decree if default shall hereafter be made in the payment of interest or principal. If the arrears of interest are not paid within the three months, there must be a reference to a master to compute the amount due and to ascertain whether the premises can be sold in parcels; to the end that upon the coming in of that report the usual decree for a sale to pay the debt and the costs of foreclosure may be entered.